UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. 16-40025-TSH |
| | ) | |
| IVAN CRUZ-RIVERA | ) | |

MOTION FOR ATTORNEY-CONDUCTED
VOIR DIRE OF PROSPECTIVE JURORS

The defendant Ivan Cruz-Rivera respectfully moves this Court
to allow counsel to conduct the voir dire of prospective jurors
prior to the empanelment of a jury in this case.  The defendant
makes this motion pursuant to Fed. R. Crim. P. 24(a)(1).[1]
Counsel submits that attorney-conducted voir dire using open-
ended questions pertaining to relevant issues in the case will
encourage more candid responses from the veniremen than would
questioning from the bench directly.  Alternatively, counsel
requests a hybrid voir dire where questions are posed to the
panel by the court, followed by questions from counsel.

Ivan Cruz-Rivera is charged with conspiracy to distribute
and distribution of heroin, in violation 21 U.S.C. §§841(a)(1)
and 846.  The primary witnesses against Cruz-Rivera will be
police officers and a civilian cooperating witness who was
involved in heroin dealing, and who will allege that Cruz-Rivera
was his heroin supplier.  The government's cooperating witness

---

[1]  This motion envisions attorney-conducted voir dire by
government counsel as well.

will admit to having been engaged in the drug trade over a period
of years.  There may be evidence about drug selling in the
Fitchburg-Leominster area of the state.  The defense will
necessarily be challenging the truthfulness of some witnesses and
the accuracy of the government's characterization of some events.
At least some potential jurors are likely to view the evidence
through certain predispositions relating to urban life, the
incidence of drug abuse and violence in urban communities, and
the role of police operations in uncovering criminal activity in
these communities.  There is a probability that the evidence in
this case will provoke a resort on the part of some jurors to
cultural and possibly racial stereotypes when they evaluate the
testimony.[2]

Given the potential for jurors to hold deeply rooted
opinions, biases, and prejudices when asked to judge the subject
matter of this trial, defense counsel submits that questions
during jury selection must allow jurors the chance to ventilate
their opinions and feelings to the fullest extent possible, so
that counsel can determine whether potential jurors are actually
qualified to sit in judgment.  Counsel is not asking for
permission to conduct individual voir dire of prospective jurors.
Instead, counsel requests that attorneys for both sides be
allowed to question the panel as a group for forty (40) minutes

---

[2]  Both defendants and the cooperating witness are of Puerto
Rican descent.

in order to explore their opinions and feelings by asking open-ended questions that might call for narrative responses from prospective jurors.  The method is founded on the premise that jurors decide cases by consulting their feelings as well as their intellect.  In a case such as this, it is easy to imagine that the panel will likely contain persons who cannot put aside their biases and prejudices regarding allegations of drug trafficking made against a member of a minority group.  For attorneys to select jurors who are capable of judging a case fairly, they must have a way to explore jurors' feelings about issues present in this case, such as city life and the presence or absence of drug activity near their homes, whether drugs have affected either themselves or a loved one, attitudes about police officers and the burdens they work under and the exigencies in which they operate, and possibly to determine whether jurors harbor ethnic bias against Puerto Ricans.

Direct questioning by counsel on voir dire is often used in courts of the various States and the District of Columbia.[3]  In addition, some United States District Courts allow attorneys to conduct voir dire by open questions to the panel. For example,

_____

[3] Counsel is speaking from her personal experience. Counsel has tried jury cases in the state of Florida and the District of Columbia; both jurisdictions use attorney-conducted voir dire of prospective jurors.  Counsel has participated in attorney-conducted voir here in the Commonwealth and has anecdotal knowledge that attorney-conducted voir dire is common throughout the southern and western states.

trial judges sitting in the U.S. District Court for the Southern District of Ohio and the Northern District of Iowa allow attorney-conducted voir dire of the venire after initial questioning by the district judge.  <u>See</u> District Judge Trial Procedures at <u>https://www.ohsd.uscourts.gov</u> and individual preferences of sitting judges for the U.S. District Court for the Northern District of Iowa at <u>www.iand.uscourts.gov.</u>  Moreover, the Commonwealth of Massachusetts now allows attorney-conducted voir dire in the state courts.

Respectfully submitted

By his attorney,


/s/ Syrie D. Fried
Syrie D. Fried
Good Schneider Cormier & Fried
83 Atlantic Avenue
Boston, MA  02110
(617) 523-5933


<u>CERTIFICATE OF SERVICE</u>

I, Syrie D. Fried, do hereby certify that this motion has been filed electronically and that it will be served electronically on registered ECF participants as identified on the Notice of Electronic Filing (NEF) on November 6, 2018.


/s/ Syrie D. Fried


-4-