UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. NO. 16-40025-TSH |
| | ) | |
| IVAN CRUZ-RIVERA | ) | |

## MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE

Counsel for the defendant Ivan Cruz-Rivera respectfully moves this Court to exclude evidence lately disclosed to the defense that was derived from cell phones seized from the defendant on October 4, 2013.

As grounds for this motion, counsel states that on November 20, counsel received via FedEx a letter from the U.S. Attorney's Office disclosing that it had obtained warrants to search the cell phones seized from the defendant Ivan Cruz-Rivera.  The warrant applications showed that they had been applied for on November 13, 2018 and were executed on November 18, 2018.[1]

The government now seeks to use at trial at least some of the evidence that it recovered pursuant to these search warrants, specifically text message exchanges allegedly between the defendant and the government's cooperating witness.  A second disclosure of data recovered from the cell phones was delivered to defense counsel on today's date and was apparently sent via

---

[1] Copies of the search warrant applications are attached.

-1-

FedEx on November 23, the day after Thanksgiving.  Counsel is not aware whether the government desires to introduce any of the evidence at trial disclosed to counsel today.

Rule 16(a)(1) of the Federal Rules of Criminal Procedure, Local Rule 116.1(c)(1)(A), and fundamental fairness require that all evidence recovered from the defendant's phones be completely excluded from this trial, most particularly any recorded statements of the defendant located on the phones at issue.  The government's decision not to seek search warrants for the telephones until mid-November, approximately three weeks before this trial, and after the final pretrial conference was held, is inexcusable.  The defendant has no opportunity to file a motion to suppress the evidence unless a trial continuance is granted. This trial has already been postponed several times in order to resolve suppression issues that were litigated long ago.  It is quite obvious that the government should have obtained any warrant for these phones literally years ago, as they have been in the government's possession for more than *five years*.

F.R.Cr.P. 16(a)(1)(B)(i) makes any relevant written statement by the defendant discoverable if the statement is within the custody or control of the government and the existence of the statement could become known to the government attorney through the exercise of due diligence.  Local Rule 116.1 makes any such statement part of automatic discovery, which should be

-2-

turned over after arraignment within the time set by the court for automatic discovery.  In other words, this evidence should have been disclosed to the defense approximately two and one-half years ago.  The withholding of this material is highly prejudicial to the defendant and to counsel's trial preparation, particularly as the statements recently disclosed are not in English and counsel must have them translated.  See United states v. Lanoue, 71 F.3d 966 (1st Cir. 1995)(convictions reversed after government withheld defendant's recorded statements to a defense witness and then used them at trial during cross-examination of the defense witness).

Wherefore, for the reasons stated above, counsel for the defendant Ivan Cruz-Rivera moves that all statements and other information recovered from the defendant's phones following execution of search warrants in November 2018 be excluded at trial.

Respectfully submitted

By his attorney,

/s/ Syrie D. Fried
Syrie D. Fried
Good Schneider Cormier & Fried
83 Atlantic Avenue
Boston, MA  02110
(617) 523-5933

-3-

## CERTIFICATE OF SERVICE

I, Syrie D. Fried, do hereby certify that this motion has been filed electronically and that it will be served electronically on registered ECF participants as identified on the Notice of Electronic Filing (NEF) on November 26, 2018.

/s/ Syrie D. Fried