# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Docket No. 16-CR-40025-TSH |
| (1)   IVAN CRUZ-RIVERA and ) | |
| (2)   CARLOS JIMENEZ ) | |
| ) | |
| Defendants. ) | |
| ) | |

## UNITED STATES' OPPOSITION TO MOTION TO EXCLUDE EVIDENCE

The United States, through United States Attorney Andrew E. Lelling and Assistant United States Attorneys Michelle L. Dineen Jerrett and William F. Abely, hereby oppose Defendant Ivan Cruz-Rivera's Motion to Exclude Evidence Derived from a Cell Phone (Docket Entry 227) (the "Motion"). Because there is no basis to exclude such evidence under Fed. R. Crim. P. 16(a), and because the recent production of a one-and-a-half page text exchange will not prejudice Defendant's ability to defend himself at trial, the Court should deny the Motion.

### Factual Background

On October 4, 2013, Massachusetts State Police seized three cell phones from the vehicle driven by Defendant Carlos Jimenez, in which Cruz-Rivera was a passenger. On July 8, 2016, the United States provided the Defendants with automatic discovery pursuant to Fed. R. Crim. P. 16 and Local Rules 116.1 and 116.2. *See* Docket Entry 35 (Discovery Letter). In its discovery letter, the United States referenced a DEA report documenting the seizure of cell phones on October 4, 2013 and informed Defendants that the two remaining

phones from this seizure "are available for your inspection."[1]   *Id.*, ¶ A(3).

Between 2016 and November 2018, no party disputed that Cruz-Rivera used the phone number 787-222-8866.  Indeed, on August 31, 2017, during a hearing on Defendants' Motion to Suppress, Cruz-Rivera testified under oath that his phone number at the time of the October 4, 2013 stop was 787-222-8866, and he acknowledged that the phone utilizing that phone number was seized during the car stop.  Transcript 7-95 to 7-96.  However, on November 5, 2018, Defendant Carlos Jimenez filed a motion disputing that Cruz-Rivera was the user of 787-222-8866, thus giving rise to a new and unexpected factual dispute on an issue that had seemingly been resolved by Cruz-Rivera's under-oath admission.[2]  *See* Docket Entry 182.  The week after the filing of this defense motion, the United States sought search warrants to search the phones that had been seized on October 4, 2013.  *See* Exhibits 1-2 to the Motion.

On Friday, November 16, 2018, an investigator searched the seized cell phones and produced certain reports reflecting the contents of the phones.  On Monday, November 19, 2018, the United States produced these reports to Defendants.[3]  On this same date, the United States also produced one-and-a-half page document, described in a cover letter as an "excerpt of texts between the defendant Ivan Cruz-Rivera and the government's Cooperating

---

[1] As noted in the Discovery Letter, the United States has been unable to locate the third cell phone that was seized on October 4, 2013.

[2] Although Defendant Carlos Jimenez subsequently withdrew that motion, his motion to withdraw indicated that he "reserve[d] the right to raise an objection to the records if it appears an insufficient foundation has been laid for their admission at the time they are offered."

[3] On November 21, 2018, the United States also produced a disc with "carved" images from the unallocated space from image of one of these phones.  It does not appear that this disc contains any text messages or similar content not previously produced, and the United States does not intend to introduce or use these "carved" images of unallocated space at trial.

Witness…."   These text messages are attached as **Exhibit A**.   On Monday, November 26, 2018, the United States produced draft translations of these text messages, which are attached as **Exhibit B**.   These text messages show Cruz-Rivera communicating with the Cooperating Witness ("CW") regarding a trip that Cruz-Rivera took to Worcester in April 2013.

Prior to the filing of the Motion, and in response to defense counsel's inquiry as to whether the government intended to offer any evidence from the phones at trial, the United States informed the defense that the United States did not intend to introduce this text exchange unless the defense questioned the CW's expected testimony that Cruz-Rivera traveled to Worcester in April 2013.   The United States characterized this text exchange as corroboration of the expected testimony concerning Cruz-Rivera's trip to Worcester in April 2013, and noted that the United States would not need to introduce the text messages if "the fact that such trip occurred is not in dispute."   Defense counsel offered no reply and filed the Motion.

The United States Complied with the Pertinent Discovery Rules

Cruz-Rivera's prayer for relief is premised on a supposition that the United States violated discovery rules by not producing the contents of the seized cell phones prior to November 2018.   However, in July 2016, the United States expressly and unambiguously made the pertinent cell phone available for Cruz-Rivera to inspect, and in doing so complied with its discovery obligations.   *See* Automatic Discovery Letter, ¶ A(3).   *See also* Fed. R. Crim. P. 16 (noting obligations to "make available ***for inspection***, copying, or photographing" and to "permit the defendant ***to inspect*** and to copy or photograph") (emphasis added).   As such, Cruz-Rivera's argument that information from the seized cell phone "should have been disclosed to the defense approximately two and one-half years

ago" ignores the important fact that the seized cell phone was in fact disclosed to the defense in July 2016. Cruz-Rivera has thus failed to demonstrate any manner in which the United States fell short of any discovery obligations.[4]

### The Introduction of the Text Exchange at Trial Would Not be Prejudicial

Even assuming *arguendo* that the United States' production of the pertinent text exchange was tardy, the text exchange should not be excluded because Cruz-Rivera has not been prejudiced. A defendant is not entitled to relief for a Rule 16 violation unless that defendant can prove prejudice. *See United States v. Hemmer*, 561 F.Supp. 386, 389 (D. Mass. 1983). The pertinent text exchange has now been disclosed, and its introduction at trial will not hinder or prejudice Cruz-Rivera's defense.[5] First, the text exchange is less than two-pages in length, and can easily be read and digested in a matter of minutes.[6] Second, this short text message exchange was produced approximately two weeks before

---

[4] As to the particular text exchange that the United States produced on November 19, it cannot be disputed that the United States only could have identified and isolated these texts by searching the seized cell phone. To the extent that Cruz-Rivera takes the position that the United States had an affirmative obligation to search the seized cell phones for discoverable information in or around July 2016, the United States notes that such search would not have been constitutionally permissible in the absence of a search warrant. *See, e.g., Riley v. California*, 134 S.Ct. 2473 (2014). To the extent that Cruz-Rivera argues that Rule 16 imposes an affirmative obligation that the United States apply for and execute search warrants for all seized electronic devices, Cruz-Rivera has identified no caselaw or other authority for such proposition.

[5] Furthermore, in "exercising its discretion to control discovery rule violations, the district court must inquire into the surrounding circumstances to determine whether the violating party acted in bad faith." *United States v. Tajeddini*, 996 F. 2d 1278, 1287 (1st Cir. 1993). Here, the United States acted in good faith, as demonstrated by its (a) promptly seeking a search warrant for the seized phones after the defense first made an issue of Cruz-Rivera's phone number; and (b) promptly disclosing the resulting reports promptly after the search of the seized phones.

[6] As noted, the United States has produced a draft translation of this text exchange.

trial, thus giving the defense an ample opportunity to absorb the content of the text exchange and to make any appropriate adjustments to trial strategy. Third, and finally, the United States seeks to introduce this text exchange purely to corroborate that Cruz-Rivera took a trip to Worcester, Massachusetts in April 2013, and the fact of this trip would have been personally known to Cruz-Rivera independent from, and prior to, production of the text exchange.

## Conclusion

For the foregoing reasons, the United States respectfully submits that Court should deny the Motion.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     /s/   William F. Abely
        MICHELLE L. DINEEN JERRETT
        WILLIAM F. ABELY
        Assistant U.S. Attorneys
        United States Attorney's Office
        District of Massachusetts
        Donohue Federal Building
        595 Main Street
        Worcester, Massachusetts 01608
        William.Abely@usdoj.gov

Date:   November 27, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/   William F. Abely
WILLIAM F. ABELY
Assistant U.S. Attorney

Dated: November 27, 2018